### WOOD *v.* LAWRENCE.

*(Supreme Court, General Term, Second Department.* February 11, 1891.)

SECONDARY EVIDENCE.

　　Defendant gave plaintiff notice to produce the contract sued on, which plaintiff failed to do, alleging that he had delivered it to a third person. *Held,* that secondary evidence of its contents was properly admitted.

Appeal from circuit court, Rockland county.

Action by Andrew Wood against Peter Lawrence for $882.91, due under a contract for the erection of a house by plaintiff, and for money loaned to purchase the lot on which the house was erected. Judgment was entered for plaintiff for $200, and plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Garrett Z. Snider,* for appellant. *Tompkins & Bannister,* for respondent.

PRATT, J. The questions of fact were submitted to the jury in a charge that was not excepted to. There was much conflict of evidence, and we cannot say the verdict was erroneous. The only serious question of law is upon the admission of secondary evidence of a paper signed by the parties, and which defendant testified he last saw in the possession of the plaintiff. Notice to produce had been given to the plaintiff. The excuse for non-production was that plaintiff had subsequently delivered it to a third party. The contract was between plaintiff and defendant, and the written evidence of the contract was left in the plaintiff's hands. When he allowed it to leave his possession he took the risk of its non-production. The notice made it his duty to repossess himself of the instrument, or be subjected to the admission of secondary evidence of its contents. Judgment affirmed, with costs.